IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MORRIS BROWN OKOLO | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv216 |
| MARK MARTIN | § | |

## MEMORANDUM OPINION

Petitioner Morris Brown Okolo, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this petition for writ of habeas corpus.

## Factual Background

In 2003, following a jury trial in the United States District Court for the Southern District of Texas, petitioner was convicted of conspiracy to commit bank fraud, aiding and abetting bank fraud and conspiracy to launder funds. He was sentenced to 168 months imprisonment, His convictions and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit. *United States v. Brown Okolo*, 82 Fed.Appx. 131 (5th Cir. 2003). In 2006, a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 was denied by the trial court.

## Analysis

Petitioner is not challenging the manner in which his sentence is being executed. Instead, he attacks the legality of his conviction. A motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 is the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A motion to vacate,

set aside or correct sentence must be filed in the district where the person seeking relief was sentenced. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987). As petitioner was not convicted in the Eastern District of Texas, this court would lack jurisdiction to consider a motion to vacate if petitioner's filing was construed as such.

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.), *cert. denied*, 534 U.S. 1001 (2001). A prisoner may use Section 2241 as the vehicle for attacking a conviction only if it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. A petitioner bears the burden of proving the inadequacy or ineffectiveness of the remedy provided by Section 2255. *Jeffers*, 253 F.3d at 830. A prior unsuccessful motion to vacate filed pursuant to Section 2255 does not make Section 2255 inadequate or ineffective. *Tolliver*, 211 F.3d at 878.

The United States Court of Appeals for the Fifth Circuit has set forth two requirements a petitioner must satisfy to demonstrate that the remedy provided by Section 2255 is inadequate or ineffective. The petitioner must establish that his ground for review: (1) is based on a retroactively applicable Supreme Court decision which establishes the petitioner may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the ground for review could have been raised in

2

petitioner's trial, direct appeal or initial motion to vacate. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). In order to satisfy the first prong of the test, the petitioner must show that, based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime. *Jeffers*, 253 F.3d at 830-31.

As petitioner has not demonstrated he was convicted of a nonexistent offense or that his grounds for review were foreclosed by circuit law when they could have been raised, he has failed to satisfy either prong of the *Reyes-Requena* test. Petitioner's grounds for review are therefore not cognizable in a petition filed pursuant to Section 2241.

Petitioner states he is seeking relief pursuant to the All Writs Act, 28 U.S.C. § 2241, and common law. However, "the All Writs Act does not confer an independent basis for subject-matter jurisdiction." *Renteria-Gonzalez v. INS*, 322 F.3d 804, 811 (5th Cir. 2002). "[T]he All Writs Act is a residual source of authority to issue writs that are not covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. *Carlisle v. United States*, 517 U.S. 416, 429 (1996), citing *Pennsylvania Bureau of Corrections v. United States Marshals Service*, 474 U.S. 34, 43 (1985). As 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction and sentence, the All Writs Act and common law avenues of relief are not available to petitioner. *Nelson v. Reese*, 214 Fed.Appx. 465,

3

467 (5th Cir. 2007); *Polley v. Jeter*, 202 Fed.Appx. 806 (5th Cir. 2006).

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus will be dismissed. An appropriate final judgment shall be entered.

**SIGNED** this the **26** day of **July, 2011.**

_____
Thad Heartfield
United States District Judge